Filed 10/31/24  S.P. v. Superior Court CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| S.P., | C101284 |
| Petitioner, | (Super. Ct. No. STK-JD-DP-2022-0000470) |
| v. | |
| THE SUPERIOR COURT OF SAN JOAQUIN COUNTY, | |
| Respondent; | |
| SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY et al., | |
| Real Parties in Interest. | |

Petitioner S.P., mother of the dependent minor A.P., seeks an extraordinary writ to vacate orders of respondent juvenile court terminating her reunification services and

1

setting a hearing pursuant to Welfare and Institutions Code section 366.26.[1]  (Cal. Rules of Court, rule 8.452.)[2]  Petitioner contends that the inquiry made by respondent juvenile court and the San Joaquin County Human Services Agency (Agency) into the minor's potential Indian heritage was insufficient and failed to comply with the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.).  The Agency concedes the errors.  We issued a stay of the section 366.26 hearing in the respondent juvenile court pending resolution of this writ petition and shall now issue a peremptory writ of mandate directing respondent juvenile court to vacate the ICWA findings and conduct further proceedings to determine whether the ICWA inquiry and notice requirements have been met.

We dispense with a detailed recitation of the underlying facts as they are unnecessary to our resolution of the issues.  Instead, we discuss the relevant facts where necessary in our discussion of the issues.

DISCUSSION

Petitioner contends, and the Agency concedes, further inquiry of relatives and extended family members regarding the minor's potential Indian heritage is necessary to meet the requirements of the ICWA.  We agree.

The newborn minor was removed from petitioner's custody and care pursuant to a November 29, 2022, dependency petition alleging petitioner's failure to protect the minor due to petitioner's untreated mental illness and substance abuse during pregnancy. (§ 300, subd. (b)(1).)  The detention report stated that petitioner denied Indian ancestry and that, as a result, the Agency had no reason to believe that the minor was an Indian

---

[1]     Undesignated statutory references are to the Welfare and Institutions Code.

[2]     Undesignated rule references are to the California Rules of Court.

child.  Petitioner reported that she was adopted and that the minor's father was also adopted.  Petitioner provided a Parental Notification of Indian Status (ICWA-020) form, stating she had no Indian ancestry.  The father provided an ICWA-020 form, which indicated having possible Indian ancestry with an unknown tribe.

The Agency subsequently filed a copy of a form served on the Bureau of Indian Affairs (BIA), which included some family information but did not include most information about the parents' biological and adoptive family members.  Shortly thereafter, in a July 6, 2023, supplemental disposition report, the Agency reported that the father denied any Indian heritage and there was no reason to believe or know the minor was an Indian child.  The Agency then filed a response from the BIA indicating there was no documentation showing that the minor or either of the minor's parents were members or eligible for membership in a federally recognized tribe.  At the September 20, 2023, dispositional hearing, respondent juvenile court adjudged the minor a dependent and ordered reunification services for both parents.

The Agency's January 10, 2024, status review report stated that the Agency sent ICWA-020 forms to several maternal and paternal relatives.  The report stated that there was no reason to believe the minor was an Indian child within the meaning of the ICWA.  The report recommended terminating services as to both parents and, among its proposed findings and orders, included a proposed finding that the minor is not an Indian child within the meaning of the ICWA.  At the June 4, 2024, contested dependent review hearing, respondent juvenile court adopted the findings and orders from the Agency's January 10, 2024, status review report, which included a finding that the minor was not an Indian child within the meaning of the ICWA.  Respondent juvenile court terminated reunification services and set a selection and implementation hearing under section 366.26.  Petitioner filed the instant petition for extraordinary writ raising the issue of insufficient ICWA inquiry.

Petitioner claims the Agency had access to multiple paternal and maternal relatives, including the adoptive maternal grandmother, adoptive paternal grandmother, biological paternal grandmother, biological paternal grandfather, maternal aunt, paternal uncle, paternal aunt, and maternal cousin and either did not inquire of those individuals regarding Indian ancestry or did inquire but did not document such efforts. The Agency concedes it had access to these relatives but either failed to inquire or did not wait an adequate time for responses to ICWA-020 forms mailed to some of these relatives in December 2023 before filing its January 10, 2024, status review report, and the ICWA inquiry was thus incomplete. We agree.

Child welfare agencies and juvenile courts "have 'an affirmative and continuing duty' in every dependency proceeding to determine whether ICWA applies by inquiring whether a child is or may be an Indian child. (§ 224.2, subd. (a).) This 'duty to inquire begins with the initial contact, including, but not limited to, asking the party reporting child abuse or neglect whether the party has any information that the child may be an Indian child.' " (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1131-1132 (*Dezi C.*).) This duty of inquiry "continues throughout the dependency proceedings." (*In re J.C.* (2022) 77 Cal.App.5th 70, 77.)

"When the agency has 'reason to believe' that an Indian child is involved, further inquiry regarding the possible Indian status of the child is required. (§ 224.2, subd. (e); see also rule 5.481(a)(4).)" (*Dezi C., supra*, 16 Cal.5th at p. 1132, fn. omitted.) "If the inquiry establishes a reason to know an Indian child is involved, notice must be provided to the pertinent tribes. (§ 224.3, subds. (a), (b); 25 U.S.C. § 1912(a).)" (*Id.* at p. 1133.)

A juvenile court must make a finding whether the ICWA applies. (*H.A. v. Superior Court* (2024) 101 Cal.App.5th 956, 965-966; *In re E.W.* (2009) 170 Cal.App.4th 396, 403.) A juvenile court's finding that the ICWA does not apply is "subject to reversal based on sufficiency of the evidence." (§ 224.2, subd. (i)(2).) Its "fact-specific

4

determination that an inquiry is adequate, proper, and duly diligent is 'a quintessentially discretionary function' [citation] subject to a deferential standard of review." (*Dezi C., supra*, 16 Cal.5th at p. 1141.) " 'On a well-developed record, the court has relatively broad discretion to determine whether the agency's inquiry was proper, adequate, and duly diligent on the specific facts of the case. However, the less developed the record, the more limited that discretion necessarily becomes.' " (*In re Kenneth D.* (2024) 16 Cal.5th 1087, 1101-1102) Given that the parties agree the information before respondent juvenile court was inadequate at the time of the court's ruling, we will grant the petition to assure compliance with the ICWA.

To the extent petitioner's prayer for relief requests that we vacate respondent juvenile court's order terminating her reunification services, the request is denied. (*In re S.H.* (2022) 82 Cal.App.5th 166, 177-180 [ICWA inquiry and notice errors do not warrant reversal of the juvenile court's jurisdictional and dispositional findings and orders other than the ICWA finding itself]; see also *In re Brooke C.* (2005) 127 Cal.App.4th 377, 385 [reasoning that "the only order which would be subject to reversal for failure to give [ICWA] notice would be an order terminating parental rights"].)

DISPOSITION

The petition for extraordinary writ is granted as to petitioner's challenge to the ICWA finding entered at the June 4, 2024, dependent review hearing. The petition is denied as to the remaining contentions.

Let a peremptory writ of mandate issue directing respondent juvenile court to (1) vacate the finding that the ICWA inquiry and notice provisions were satisfied and that the ICWA does not apply, (2) order the Agency to conduct further inquiry, including of all available maternal and paternal relatives, and provide any new information to the BIA and relevant tribes, as necessary. The respondent juvenile court is then directed to enter

updated ICWA findings prior to proceeding with a section 366.26 hearing.  Having served its purpose, the stay previously issued by this court on September 13, 2024, is vacated.

_____/s/_____
EARL, P. J.

We concur:

_____/s/_____
RENNER, J.

_____/s/_____
FEINBERG, J.